# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2633

_____

Thomas Pellegrino,                              *
                                                *
            Appellant,                          *
                                                *
      v.                                        *    Appeal from the United States
                                                *    District Court for the
John Fitzgerald, Lawrence County                *    District of South Dakota.
States Attorney; Richard Mowell,                *
Lawrence County Sheriff; Dale Larson,           *         [UNPUBLISHED]
Lawrence County Jail Administrator;             *
Northern Hills General Hospital; Dick           *
Soukup, Administrator, Northern Hills           *
General Hospital; Dr. Cris Hugo,                *
Surgeon, Northern Hills General                 *
Hospital; Steven Lindquist; Dr. Marden          *
Brown, employed at Black Hills                  *
Medical Center and/or NGHG;                     *
Lawrence County, South Dakota; Dr.              *
Donald Habbe, Pathologist,                      *
                                                *
            Appellees.                          *

_____

Submitted:  June 16, 2000
     Filed:   June 19, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Thomas Pellegrino appeals from the District Court's[1] judgment dismissing his civil rights action. The District Court found that Pellegrino, who was convicted of second-degree murder in the shooting death of Gary McKee, lacked standing to pursue his claim that the defendants conspired to conceal the medical-malpractice death of the victim because Pellegrino suffered no injury traceable to the defendants' alleged conduct. We agree. See Novartis Seeds, Inc. v. Monsanto Co., 190 F.3d 868, 871 (8th Cir. 1999) (to have standing, plaintiff must allege judicially cognizable and redressable injury, fairly traceable to defendant's conduct); State v. Bennis, 457 N.W.2d 843, 845-46 (S.D. 1990) (affirming South Dakota murder conviction despite alleged medical mistreatment of victim; "medical malpractice will break the chain of causation and become the proximate cause of death only if it constitutes the sole cause of death"). Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.